UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEBA MEDICAL AND BENEFITS PLAN,<br><br>Plaintiff,<br><br>v.<br><br>ALARIS COMPANIES LLC,<br><br>Defendant. | Case No.  11-mc-80297-EMC   (DMR)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S EX PARTE APPLICATION FOR ASSIGNMENT ORDER AND RESTRAINING ORDER**<br><br>Re: Dkt. No. 21 |

Plaintiff-Judgment Creditor MEBA Medical and Benefit Plan ("MEBA") registered a judgment from the United States District Court for the District of Maryland in favor of MEBA and against Judgment Debtor Alaris Companies, LLC ("Alaris") as a Foreign Judgment in this court on December 12, 2011.  [Docket No. 1.]

**I.  BACKGROUND**

The Honorable Edward M. Chen referred MEBA's application for a judgment debtor examination to the undersigned.  [Docket No. 5.]  The undersigned granted MEBA's application.  [Docket Nos. 8, 11.]  On October 7, 2015, MEBA conducted judgment debtor examinations of Bobbi Wolff, the Chief Executive Officer of Alaris Companies, and Rowena Pagoulatos, the former Controller of Alaris Companies.  [Docket No. 17.]

MEBA has now filed *ex parte* applications for several orders, discussed below, which are aimed at assigning Alaris's rights to certain third party payments to MEBA up to the amount of the judgment, and restraining Alaris from assigning or otherwise disposing of its rights to those payments.  [Docket No. 21.]  For the following reasons, the court issues this report and recommendation, with a recommendation that the *ex parte* applications be DENIED without prejudice.

## II. LEGAL STANDARD

The execution of final judgments is governed by Federal Rule of Civil Procedure 69, which provides that with respect to a money judgment, the court "must accord with the procedure of the state where the court is located," except that "a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1).

Under California law, a motion for an assignment order (Cal. Civ. Proc. Code § 708.510) and a restraining order (Cal. Civ. Proc. Code § 708.520) are two distinct actions. *Landstar Global Logistics, Inc. v. Robinson & Robinson, Inc.*, 216 Cal. App. 4th 378, 390 (2013). Statutes governing these remedies are subject to strict construction, and a judgment creditor must comply with the applicable statutory and procedural requirements of each section. *Id.* The statutory scheme for enforcement of judgments also provides tools for a judgment creditor to obtain information to aid in the enforcement of a money judgment including through debtor examinations (Cal. Civ. Proc. Code § 708.110(a)), written interrogatories (Cal. Civ. Proc. Code § 708.020(a)), and inspection demands (Cal. Civ. Proc. Code § 708.030(a)).

## III. DISCUSSION

Plaintiff MEBA moves for four orders:

1) That Alaris Companies, LLC's rights to certain third party payments be assigned to the Plaintiff-Judgment Creditor, MEBA Medical and Benefit Plan, until such time as the judgment herein is fully satisfied or this order is amended;

2) That Fulcrum Maritime Systems, Ltd., Computer Sciences Corporation, Interface Financial Group, and GAM Business Works LLC, and any other third parties with current or future invoices payable to Alaris pay all current and future payments to MEBA, to be applied to the judgment herein until such judgment is fully satisfied or this orders is amended;

3) That Alaris, and any servant, agent, employee or attorney for Alaris and any person(s) in active concert and participating with the Alaris be restrained from encumbering, assigning, disposing or spending any of the money or property subject to the order sought by this motion and all rights to payment thereunder; and

2

4) That Alaris identify all third parties/clients from whom it currently anticipates payments or property, including but not limited to Fulcrum Maritime Systems, Ltd., Computer Sciences Corporation, Interface Financial Group, and GAM Business Works LLC, and any other third parties/clients from whom Alaris currently expects, or reasonably in the future may expect payments.

[Docket No. 21-2 (Proposed Order Granting Ex Parte Application for Assignment Order and Order Restraining Judgment Debtor)]

The first and second requested orders pertain to the assignment of rights to payment, which is governed by California Code of Civil Procedure § 708.510. That statute requires a noticed motion for a court order assignment of right to payment due to the judgment debtor. Cal. Civ. Proc. Code § 708.510(a). The judgment creditor must serve notice of the motion on the judgment debtor. Cal. Civ. Proc. Code § 708.510(b). MEBA has not provided notice of its application for the two requested assignment orders to Alaris or its counsel. MEBA's Ex Parte Application ¶ 7. MEBA also failed to follow the requirements for filing a noticed motion in this court. Civil L.R. 7-2. MEBA's *ex parte* application for assignment of rights should therefore be denied.

MEBA's third request is governed by California Code of Civil Procedure § 708.520, which allows a judgment creditor to apply *ex parte* for a restraining order to prevent a judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned. Cal. Civ. Proc. Code § 708.520(a). However, a judgment creditor must properly apply for an assignment order *before or at the same time* that it applies for a restraining order, and it is error to issue a restraining order where the judgment creditor has not done so. Cal. Civ. Proc. Code § 708.520(a); *Landstar*, 216 Cal. App. 4th at 390. Because MEBA failed to properly move for an assignment order, MEBA's request for a restraining order should be denied.

As to its fourth request, MEBA fails to identify authority supporting the issuance of a court order that Alaris identify all third parties/client from whom it currently anticipates receiving payments or property. As noted above, MEBA applied for and conducted a judgment debtor's examination of Alaris. [Docket No. 17.] MEBA had the opportunity at that examination to compel Alaris to provide information concerning any third parties/clients from which it anticipates

3

receiving payments or property. This request appears to seek a court order requiring Alaris to respond to the equivalent of a written interrogatory. Under California Code of Civil Procedure §§ 708.020(b) and 708.030(b), a judgment creditor may not serve interrogatories or inspection demands on a judgment debtor within 120 days after the judgment debtor has been examined. MEBA has not provided any explanation why the court should require Alaris to provide information that MEBA could have sought in the examination, and that would effectively eviscerate the statutory scheme prohibiting MEBA from requesting the same information from Alaris through written interrogatories or inspection demands within 120 days of the debtor examination. Cal. Civ. Proc. Code § 708.020(b) (a judgment creditor may not serve written interrogatories on the judgment debtor within 120 days after the examination of the judgment debtor; judgment debtor need not respond to interrogatories that were so propounded); §708.030(b)(same for inspection demands). Therefore, MEBA's application for an order requiring Alaris to identify parties from whom it anticipates payment or property should be denied.

## IV. CONCLUSION

For the foregoing reasons, the court recommends that Plaintiff's *ex parte* applications for assignment orders, a restraining order, and an order requiring Alaris to identify third parties from whom it anticipates payments or property be DENIED without prejudice.

Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO RECOMMENDED**.

Dated: October 28, 2015

DONNA M. RYU
United States Magistrate Judge

4